UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADAM R HENDRON,

           Petitioner,

v.

STATE OF WASHINGTON,

           Respondent.

Case No. C19-6228-RJB-TLF

REPORT AND RECOMMENDATION

Noted for May 22, 2020

Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 8. The petition has not been served on the respondent. As discussed below, petitioner has been given the opportunity to show cause why his petition should not be dismissed as unexhausted, procedurally defaulted, and as barred by the federal statute of limitations; petitioner's response fails to do so. Dkts. 8, 9, 11.

For the reasons set forth below, the undersigned recommends the Court dismiss the federal habeas petition **without prejudice as unexhausted**; the Court should also **dismiss the petition with prejudice as time-barred by the statute of limitations** under 28 U.S.C. § 2244(d)(1). The net result of dismissal due to the failure to file within the federal statute of limitations would therefore be **dismissal with prejudice**. Also, the Court should deny issuance of a certificate of appealability (COA).

BACKGROUND

Petitioner challenges his January 9, 2009, conviction and sentence for two counts of Second Degree Rape of a Child. Dkt. 8, at 22. Petitioner seeks release from incarceration on the grounds that he is "illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred Constitutional rights by the State of

REPORT AND RECOMMENDATION - 1

1  Washington and its willful defiance of the established procedures and processes set
2  forth by the U.S. Constitution." *Id.*, at 26. Petitioner contends his federal constitutional
3  rights were violated because he was not charged in the state court by Grand Jury
4  Indictment as required by the Fifth Amendment. *Id.*, at 26-34.

5  Petitioner does not indicate he has exhausted his state court remedies. Dkt. 8. In
6  fact the petition affirmatively states that petitioner has not directly appealed his
7  conviction nor has he raised the grounds raised in his petition through a post-conviction
8  motion or petition for habeas corpus in a state trial court. *Id.*, at 22-34. Petitioner states
9  that he did not appeal to the highest state court having jurisdiction because "[t]he State
10 of Washington does not have jurisdictional authority to decide on United States
11 Constitution matters, which are outside it's [sic] jurisdictional or statutory governing
12 limits." *Id.*, at 26-34.

13 By order dated February 22, 2020, petitioner was given an opportunity to show
14 cause why his petition should not be dismissed as unexhausted, procedurally defaulted,
15 and as barred by the federal statute of limitations. Dkt. 9. Petitioner filed a response to
16 the order to show cause in which he does not dispute that he failed to present the claims
17 raised in his petition to the highest state court. Dkt. 11. Rather, he argues he is not
18 procedurally defaulted and barred because an effective state corrective process was not
19 available to him because the state courts would be biased against his claims. *Id.* Petitioner
20 also argues that he is not barred by the federal statute of limitations because the Bill of
21 Rights is applicable to the states. *Id.*

22 <u>DISCUSSION</u>

REPORT AND RECOMMENDATION - 2

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

**A.     Exhaustion**

Petitioner plainly admits he has brought no appeals and no post-conviction proceedings in state court with respect to the grounds raised in this federal habeas petition. Dkt. 8, at 22-34. Petitioner indicates that he does not intend to bring his claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*[1]   However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2]

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity,

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 8, at 33. The Court interprets this as a typographical or scrivenor's error. This interpretation is reasonable because the remainder of the petition clearly and unambiguously states that *none* of the grounds raised in the petition have been raised on direct appeal or in a state post-conviction proceeding because petitioner believes the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*, at 26-34. Petitioner was alerted to this issue and given an opportunity to show cause why the petition should not be dismissed for failure to exhaust his state court remedies.

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
   (A) the applicant has exhausted the remedies available in the courts of the State; or
   (B) (i) there is an absence of available State corrective process; or
       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

1  intended to afford the state courts the "initial opportunity to pass upon and correct alleged
2  violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)
3  (emphasis added). This is appropriate, because "state courts, like federal courts, are
4  obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To
5  properly exhaust their federal claims, a would-be habeas petitioner must finish "one
6  complete round of the State's established appellate review process," up to the highest
7  state court with powers of discretionary review. *Id.*, at 845.

8        A federal court must dismiss a federal habeas corpus petition if its claims are
9  unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua*
10 *sponte* authority to examine the question of exhaustion at this stage of review. *Campbell*
11 *v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state
12 remedies have been exhausted even if the state does not raise the issue").

13       Petitioner must raise the grounds for relief contained in his habeas petition to the
14 Washington Court of Appeals and Washington Supreme Court. Petitioner contends he
15 has not presented his grounds for relief to the state courts because the state courts lack
16 the "jurisdictional authority to decide on United States Constitution matters, which are
17 outside [its] jurisdictional or statutory governing limits." Dkt. 8, at 26-34. However, this
18 argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state
19 courts to adjudicate whether the federal constitutional rights of a state criminal
20 defendant were violated. Federal habeas relief is available to address where the state
21 court's adjudication was "contrary to, or an unreasonable application of, clearly
22 established federal law, as determined by the Supreme Court of the United States." 28
23 U.S.C. § 2254(d)(1).

24
25

As the petition plainly states, petitioner has not properly exhausted his claims for relief in the state courts. Petitioner argues that an effective state corrective process is unavailable to him because he believes the state courts would be biased against his claims. Dkt. 11. But this argument does not demonstrate the absence of an effective state corrective process; petitioner speculates that the state court would be unsympathetic to his claims.

Yet, even if the petitioner believes it would be futile to argue his Constitutional claims to the state courts because he does not believe he would be successful, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988); *Engle v. Isaac*, 456 U.S. 107, 130, 102 S. Ct. 1558, 1573, 71 L. Ed. 2d 783 (1982) (Rejecting habeas petitioner's argument that exhaustion of state remedies would have been futile and explaining "[i]f a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.").

REPORT AND RECOMMENDATION - 5

1    Petitioner confirms he has not presented the claims raised in his petition to the

2 highest state court.³ ⁴ Dkt. 8, at 22-34; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287,

3 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be

4 properly filed, a claim must have been exhausted at the time of filing."). Accordingly, the

5 Court recommends that the petition be dismissed without prejudice as unexhausted.

6 **B.    Procedural Default**

7    Petitioner was also advised that, because it appears to have been more than one

8 year since petitioner's conviction became final (in 2009), his habeas claims may be

9 procedurally defaulted in the State of Washington; and if he attempts to present them in

10 a state court challenge at this time, his claims may be denied on procedural grounds.

---

³ The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

⁴ The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

Under RCW 10.73.090, any collateral challenges filed after the judgment and sentence becomes final -- and the one-year statute of limitations runs out -- are barred. Petitioner was advised that if the state courts procedurally bar petitioner's claims, then none of those claims would be cognizable in a habeas corpus petition filed in federal court; the federal court would be required to dismiss absent a showing of cause and prejudice or actual innocence. The Court notes that it has discretion to raise and address the issue of procedural default *sua sponte* at this point in the proceedings. *See Boyd v. Thomson*, 147 F.3d 1124 (9th Cir. 1998).

Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The petitioner must show an objective factor actually caused the failure to properly exhaust a claim. Interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner's status as a pro se litigant and difficulties of self-representation, are not sufficient cause to excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

"[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. at 496). "To meet this manifest injustice exception, [the petitioner] must demonstrate more than that 'a reasonable doubt exists in the light of the new evidence.'" *Wood*, 130 F.3d at 379 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

Therefore, a petitioner must demonstrate cause (such as an objective external factor outside his control that excused his procedural default) and prejudice (an error of constitutional proportions that infected his whole trial), or evidence of actual innocence in order to overcome a procedural default.

Petitioner offers several arguments for why the Court should consider his habeas claims despite his failure to raise and exhaust those claims in state court. Specifically, he argues that the state court does not has jurisdiction over federal constitutional issues, that there has been a clear constitutional violation, and that he is certain he would be unsuccessful if he brought his claims in state court. Dkts. 8, 11. As discussed above, the state courts have authority to adjudicate whether the federal constitutional rights of a state criminal defendant were violated; petitioner's beliefs that there has been a clear constitutional violation and that he would not be successful if he presented his

claims to the state court does not excuse his failure to do so. *See* 28 U.S.C. § 2254(d)(1); *Roberts*, 847 F.2d at 530 ("the apparent futility of presenting claims to state courts does not constitute cause of procedural default"); *Duckworth v. Serrano*, 454 U.S. 1, 3-4 (1981) (per curiam) ("[O]bvious constitutional errors, no less than obscure transgressions, are subject to the [exhaustion] requirements of § 2254(b). . . .").

Moreover, the factual and legal basis for petitioner's claims -- that the Washington State Constitution violates the Fifth Amendment of the United States Constitution by allowing for prosecution by information – are not "new" but were available to petitioner at the time of his conviction and sentence. The fact that petitioner may not have been personally aware of the grounds for habeas relief raised in his petition until his time to raise those claims in the state courts had expired, does not constitute cause to overcome his procedural default. "Mere ignorance of the law and pro se status is insufficient to establish 'cause' to excuse a default." *Williams v. Hackner-Agnew*, 2017 WL 6611568 (D. Arizona, Nov. 2, 2017); *see Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 909 (9th Cir.1986) (illiteracy of pro se petitioner not sufficient to meet cause standard of procedural bar); *see also Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir. 1988) (mental condition of pro se petitioner and reliance upon allegedly incompetent jailhouse lawyers did not constitute cause).

In sum, even assuming petitioner's claims are procedurally defaulted he cannot show cause for his procedural default as he cannot demonstrate some objective factor external to the defense prevented him from complying with the state's procedural rule.

Petitioner also cannot show actual prejudice or that the failure to consider his claims will result in a fundamental miscarriage of justice. Contrary to petitioner's federal

REPORT AND RECOMMENDATION - 9

habeas claims, it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *See Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). [5]

Petitioner also does not argue that he is "actually innocent"." *Schlup*, 513 U.S. at 327. Thus, even assuming petitioner is procedurally barred from bringing his claims in state court, he fails to offer even colorable claims of cause and prejudice or actual

---

[5] Petitioner also appears to argue that the Thirteenth Amendment is violated because his conviction was obtained without grand jury indictment and is invalid. Dkt. 8. The Thirteenth Amendment provides that, "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States ...." U.S. Const. Amend. XIII, § 1. However, this Thirteenth Amendment claim is derivative of petitioner's Fifth Amendment claim and, as noted above, a state may charge a criminal defendant by information; failure to utllize a grand jury does not offend the due process clause. Furthermore, the Thirteenth Amendment thus does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

innocence (much less any facts to support these claims) to excuse his procedural default.

Yet, "a federal district court should dismiss a wholly-unexhausted habeas petition *with* prejudice only where it is clear that state law will no longer permit petitioner to exhaust the claims therein." *Fisher v. Clark*, 2014 WL 1457816, n. 8 (C.D. Cal. April 14, 2014) (*citing Murphy v. Mahoney*, 308 F. App'x 45, 45–46 (9th Cir. 2008) ("Since the time for filing a state post-conviction relief petition has long since passed, Murphy cannot return to state court to exhaust his claims. Thus, Murphy is procedurally barred from asserting is claims in federal court, and no exception exists that would excuse his failure to file a petition earlier.") (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

While it appears highly likely petitioner is procedurally barred from bringing his habeas claims in state court, the Court declines to conclude on this record that petitioner is foreclosed absolutely, as a matter of state law, from exhausting the claims raised in the petition.

**C.    Federal Statute of Limitations**

The Court also directed petitioner to show cause why his petition should not be dismissed as time barred under the one-year federal statute of limitations applicable to habeas corpus actions. The Court notes the petition indicates petitioner is challenging a judgment and sentence from January 2009, over eleven years ago.

When untimeliness is obvious on the face of a habeas petition, the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on that ground. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001). However, "that

1  authority should only be exercised after the court provides the petitioner with adequate
2  notice and an opportunity to respond." *Id.* at 1043; *see also Day v. McDonough*, 547
3  U.S. 198, 210, 126 S. Ct. 1675, 164 L.Ed.2d 376 (2006).

4  Petitioner was informed that under the 28 U.S.C. § 2244(d)(1)(A), habeas corpus
5  petitions by persons imprisoned under a state court judgment are subject to a one-year
6  statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A),
7  "[t]he limitation period shall run from . . . the date on which the judgment became final
8  by the conclusion of direct review or the expiration of the time for seeking such review . .
9  ." Section 2254 habeas corpus petitions filed by persons imprisoned under a state court
10 judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).
11 The limitation period may run from a later date under the following circumstances. First
12 it may run from the date on which the impediment to filing an application created by
13 State action in violation of the Constitution of laws of the United States is removed, if the
14 applicant was prevented from filing by such State action; second it may run from the
15 date on which the United State Supreme Court recognizes a new constitutional right
16 that the Supreme Court makes retroactive to cases on collateral review; and third it may
17 run from the date the factual predicate of the claim presented could have been
18 discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (C) and
19 (D). Additionally, "[t]he time during which a properly filed application for State post-
20 conviction or other collateral review with respect to the pertinent judgment or claim is
21 pending shall not be counted toward any period of limitation under this subsection." 28
22 U.S.C. § 2244(d)(2) (emphasis added).

23 Here, petitioner indicates he pled guilty and was sentenced on January 9, 2009.
24
25

Dkt. 8, at 26. Petitioner indicates he did not appeal and, therefore, it appears to have been more than a year since his conviction became final when he filed his petition. *Id.*, at 26-34. Petitioner also indicates he has not filed any application for State post-conviction or other collateral review pertaining to his judgment and sentence. Neither the petition nor petitioner's response to the Court's order to show cause present any facts that would indicate a basis for statutory tolling, or delayed accrual, under 28 U.S.C. § 2244(d)(1) or (2).

Petitioner was also informed that the statute of limitations governing federal habeas petitions is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). But a habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015) (*citing Gibbs v. Legrand*, 767 F.3d 879, 891–92 (9th Cir. 2014). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted).

Petitioner was also informed that a showing of actual innocence may also satisfy the requirements for equitable tolling. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "[W]here an otherwise

REPORT AND RECOMMENDATION - 13

time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the *Schlup v. Delo*, 513 U.S. 298 (1995), gateway and have his constitutional claims heard on the merits." *Lee*, 653 F.3d at 937; *accord, McQuiggin*, 133 S.Ct. at 1928. To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Neither the petition nor petitioner's response to the Court's order to show cause presents any facts that would establish a basis for equitable tolling. Accordingly, the Court notes that, in addition to being unexhausted, petitioner's claims also would be time-barred under 28 U.S.C. § 2244(d)(1), and are subject to dismissal with prejudice, on that basis as well.

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 6), and this action, be **dismissed without prejudice as unexhausted;** the Court should also **dismiss the petition with prejudice as time-barred by the statute of limitations under** 28 U.S.C. § 2244(d)(1). The net result of dismissal due to the failure to file within the federal statute of limitations would therefore be **dismissal with prejudice**.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only

where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be denied.**

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 22, 2020**.

Dated this 27th day of April, 2020.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 15